# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONNA HILL,** : | CIVIL NO. 1:CV-13-02581 |
|  : |  |
| Plaintiff  : | (Judge Rambo) |
|  : |  |
| v.  : |  |
|  : |  |
| **CHAIR, PENNSYLVANIA BOARD**  : |  |
| **OF PROBATION AND PAROLE,** *et al.*,  : |  |
|  : |  |
| Defendants  : |  |

## M E M O R A N D U M

On March 3, 2014, Plaintiff Donna Hill, the spouse of an inmate currently incarcerated by the Pennsylvania Department of Corrections, filed a *pro se* amended complaint in this civil rights action commenced pursuant to the provisions of 42 U.S.C. § 1983. (Doc. 12.) In the amended complaint, Plaintiff seeks injunctive relief based on the allegation that the Pennsylvania Board of Probation and Parole does not consider parole for inmates serving a life sentence. Plaintiff also filed a pendant state law claim alleging intentional infliction of emotional distress for alienation of affection.

Presently before the court is Defendants' motion to dismiss the amended complaint. (Doc. 17.) For the following reasons, the motion to dismiss will be granted.

## I. Background

In the amended complaint, Plaintiff provides the following factual background with respect to her claim. For purposes of disposition of the instant motion to dismiss, the factual allegations asserted in the amended complaint will be accepted as true and viewed in a light most favorable to Plaintiff.

### A. Facts

Plaintiff is a United States citizen and a resident of the Commonwealth of Pennsylvania. (Doc. 12.) Her husband, Dwayne Hill, is currently a Pennsylvania inmate serving a life sentence. (*Id*.) In the amended complaint, Plaintiff seeks injunctive relief based on the allegation that the Pennsylvania Board of Probation and Parole ("PA Board") does not consider the propriety of parole for inmates serving sentences of life imprisonment. (*See id*.) Specifically, Plaintiff requests that the court direct Defendants to provide Plaintiff's husband with a parole hearing. (*Id*.) In addition, Plaintiff seeks monetary relief on a pendant state law claim, alleging intentional infliction of emotional distress for alienation of affection. (*Id*.)

### B. Procedural History

Plaintiff initially filed a complaint on October 16, 2013. (Doc. 1.) By order dated November 22, 2013, the court directed service of the complaint on all

Defendants named therein. (Doc. 6.) On January 31, 2014, Defendants filed a motion to dismiss (Doc. 10) and filed a brief in support on February 14, 2014 (Doc. 11). On March 3, 2014, Plaintiff filed an amended complaint (Doc. 12), which was accepted by the court on April 24, 2014, causing the court to deem the motion to dismiss as moot (Doc. 15). On June 4, 2014, Defendants filed a motion to dismiss the amended complaint and supporting brief. (Docs. 17 & 18.) After being granted an extension of time (*see* Doc. 20), Plaintiff filed a brief in opposition on July 2, 2014 (Doc. 21). Thus, the motion to dismiss the amended complaint is now ripe for disposition.

**II.    Standard of Review**

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in the context of Rule 8(a)(2) "depends on the type of case – some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "[A] situation may arise where, at some point, the factual detail in a

3

complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id*. A plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (recognizing that Rule 8 pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *accord, e.g.*, *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that the court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." (quotations and citations omitted)).

A defendant may challenge a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), and view them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's

claim is "plausible on its face," a complaint will survive a motion to dismiss. *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 555, 570) (explaining a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see also Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007).  Further, when a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 664. However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are

based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci*, 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

## III. Discussion

In order to state a viable Section 1983 claim, a plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). A defendant's conduct must have a close causal connection to the plaintiff's injury in order for Section 1983 liability to attach. *Martinez v. California*, 444 U.S. 277, 285 (1980).[1] A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation

---

[1] The Court in *Martinez* explained: "Although a § 1983 claim has been described as 'a species of tort liability,' it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." *Martinez*, 444 U.S. at 285 (internal citation omitted).

of a plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). On its face, § 1983 creates no exceptions to the liability it imposes, nor does it speak of immunity for any individual who might deprive another of civil rights. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993). Nevertheless, it is well-settled that certain government officials possess immunity from § 1983 liability. *Id*.

In the instant motion to dismiss, Defendants seek dismissal of the amended complaint on the grounds that: (1) Plaintiff lacks standing to bring claims on behalf of her husband; (2) an inmate sentenced to a term of incarceration for life by a Pennsylvania court does not have a right to be reviewed for parole; and (3) the state law claim is barred by sovereign immunity. Because the court concludes that Plaintiff lacks standing to bring claims on behalf of her husband, it will not address Defendants' second ground for dismissal and will not exercise supplemental jurisdiction over the state law claim.

### A.   Standing

In their motion to dismiss, Defendants contend that Plaintiff, who is not an attorney but is acting *pro se* on her own behalf, does not have standing to pursue claims on behalf of her husband. In support, Defendants rely on *Hill v. Pennsylvania*

*Department of Corrections*, 521 F. App'x 39 (3d Cir. 2013), a decision of the United States Court of Appeals for the Third Circuit that found this same Plaintiff lacked standing to bring a federal lawsuit based on violations of her husband's constitutional right to adequate medical care.  In affirming the district court's dismissal of Plaintiff's *pro se* complaint based on lack of standing, the Third Circuit relied on well-settled principles of standing, as follows:

> The constitutional and prudential components of standing must be satisfied before a litigant may seek redress in a federal court.  Three components comprise the "irreducible constitutional minimum of standing": an "injury in fact" that is concrete and particularized and actual or imminent; a causal connection between the injury and the complained-of conduct; and a likely, not speculative, redressability of the injury through a favorable decision.  Prudential standing requires, *inter alia*, that a litigant assert his or her own legal rights and not rely on the rights or interests of third parties.

*Hill*, 521 F. App'x at 40 (internal citations omitted).

In this case, Plaintiff's Section 1983 claim is based on her allegation that Pennsylvania inmates serving life sentences have a right to be considered for parole by the PA Board.  Although the facts of this case are different than those of Plaintiff's previous case considered by the Third Circuit, the same principles of standing nevertheless apply to this case.  Again, it is well-settled that "a person does not have standing to vindicate the constitutional rights of a third party."  *James v. York Cnty.*

9

*Police Dep't*, 160 F. App'x 126, 131 (3d Cir. 2005) (citing *Barrows v. Jackson*, 346 U.S. 249, 255 (1953)). Thus, Plaintiff's amended complaint will be dismissed based on Plaintiff's lack of standing to assert claims on behalf of her husband or any other inmate serving a life sentence.[2] Furthermore, because Plaintiff lacks standing, it would be futile to allow her to amend the complaint yet again. *See Alston*, 363 F.3d at 236.

### B. Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a claim" if, *inter alia*, "the district court has dismissed all claims over which is has original jurisdiction . . . ." This decision concerning the exercise of supplemental jurisdiction is left to the sound discretion of the district court. *See Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966)). In addition, when the claim is dismissed by the district court prior to trial pursuant to a provision such as Section 1367(c)(3), "the district court must decline to decide the pendant state claims unless considerations of judicial economy, convenience, and fairness to the parties

---

[2] To the extent that Plaintiff brings this action on behalf of her husband, she has not alleged or demonstrated that she has been appointed as his legal representative. Even if so, Plaintiff still could not appear in federal court to allege the instant federal claims because she is not a lawyer. Plaintiff's husband would have to appear before the court either *pro se* or through counsel.

provide an affirmative justification for doing so." *Id.* (citing *Lovell Mfg. v. Export-Import Bank of the U.S.*, 843 F.2d 725, 732 (3d Cir. 1988); *Growth Horizons, Inc. v. Delaware Cnty.*, 983 F.2d 1277, 1284 (3d Cir. 1993)). The Third Circuit has also noted that a district court should decline jurisdiction over such claims "where the federal claims are no longer viable, absent extraordinary circumstances." *Shaffer v. Board of Sch. Dirs. of Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984) (citing *Weaver v. Marine Bank*, 683 F.2d 744, 746 (3d Cir. 1982) (internal quotations omitted)).

In the instant case, the court will decline to exercise supplemental jurisdiction over Plaintiff's pendant state law claim because her federal claim is not viable based on her lack of standing. Without an associated federal claim, "[a] claim for alienation of affections is a common law tort that by itself cannot be the basis for a federal claim." *Hill*, 521 F. App'x at 41 n.3. As a result, Plaintiff's pendant state law claim will be dismissed without prejudice to any right Plaintiff may have to pursue it in state court. In so holding, the court expresses no opinion as to the merits of any such claim.[3]

---

[3] The court notes that the Third Circuit recognized that Pennsylvania has abolished actions for alienation of affections. *Hill*, 521 F. App'x at 41 n.3 (citing 23 Pa. C.S. § 1901).

11

**IV.   Conclusion**

For the reasons set forth herein, the motion to dismiss (Doc. 17) will be granted because Plaintiff lacks standing and the court declines to exercise supplemental jurisdiction over Plaintiff's state law claim.  In addition, Plaintiff will not be permitted to file a second amended complaint because doing so would be futile.  An appropriate order will issue.

                                                s/Sylvia H. Rambo
                                                United States District Judge

Dated: August 14, 2014.